```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          OCALA DIVISION
```

MICHAEL LESTER,

       Petitioner,

v.                                Case No: 5:11-cv-292-Oc-29PRL

WARDEN, FCC COLEMAN - LOW,

       Respondent.

_____

## OPINION AND ORDER

Petitioner Michael Lester (hereinafter "Petitioner" or "Lester") initiated this action as a federal prisoner incarcerated at FCC-Coleman by filing a habeas corpus petition pursuant to 28 U.S.C. § 2241 (Doc. #1) and attached supporting exhibits (Doc. #1 at pp. 14-18, Pet. Exhs. A-D).[1] The petition challenges Lester's 1998 plea-based conviction of conspiracy to distribute narcotics in violation of 21 U.S.C. § 846 entered in the United States District Court for the Middle District of Alabama, for which he was sentenced to the statutory minimum sentence of 240 months (20 years). Petition at 1. Specifically, Lester asserts that he is "actually innocent" of his sentence because the sentencing court

---

[1] Petitioner entitled the Petition "§ 2241 habeas corpus petition resubmission with more eviden[ce]." Petitioner had previously sought relief while incarcerated at FCC-Coleman by filing a § 2241 petition in case number 5:11-cv-145-OC-23AEP, which was dismissed because Petitioner never filed a § 2255 motion before the sentencing court.

improperly considered the drug quantity, which triggered the statutory minimum.  Id. at 2; see also Exh. D at 9-11.  As relief, Lester requests that the Court resentence him "to 0 to [20] years." Petition at 3.

Respondent filed a response (Doc. #6) moving to dismiss the Petition for lack of jurisdiction and attached supporting exhibits including a copy of the criminal docket sheet (Resp. Exh. 1, docket no. 1:98-cr-134 (M.D. Ala.)) and order denying Lester's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (Resp. Exh. 2).  This matter is ripe for review.

### Procedural History

**A.  Conviction and Direct Appeal**

A federal grand jury in the Middle District of Alabama indicted Lester for narcotics-related offenses in 1998.  Resp. Exh. 1 at Doc. #47.  Because Lester had a prior felony drug offense conviction, the United States filed a 21 U.S.C. § 851 notice of intent to seek enhanced sentencing penalties.  Resp. Exh. 1 at Doc. #116.  Lester ultimately pled guilty to conspiracy to distribute narcotics.  Resp. Exh. 1 at Doc. #118 entry Oct. 13, 1998.  The district court sentenced Lester to the statutory minimum sentence of 240 months imprisonment.  Resp. Exh. 1 at Doc. #139-Doc. #141.

Lester filed a direct appeal of his sentence raising one claim of ineffective assistance of counsel.  Resp. Exh. 1 at Doc. #149;

Pet. Exh. A at 4-5.  The United States Court of Appeals for the Eleventh Circuit dismissed the direct appeal because Lester did not adequately develop the record before the district court and therefore the claim was improperly before the appellate court. Pet. Exh. A at 4-5.  The appellate court noted that its dismissal was without prejudice "to Lester's remedy under 28 U.S.C. § 2255." Id.

On May 3, 2010, Petitioner filed a motion for retroactive application of the sentencing guidelines to crack cases.  See Resp. Exh. 1 at Doc. #165.  On July 12, 2010, the district court denied Petitioner's motion.  Id. at Doc. #166; see also Resp. Exh. 2.

Lester never filed a § 2255 motion in the United States District Court for the Middle District of Alabama.[2]  Instead, in March 2011 while confined at FCC-Coleman, Lester filed a motion pursuant to 28 U.S.C. § 2241 seeking review of the validity of his sentence.  See Case No. 5:11-cv-145-OC-23AEP at Doc. #1; Pet. Exh. B at 1.  On May 2, 2011, the district court, noting that Lester never filed a § 2255 motion, denied Lester's § 2241 petition because the claims he wished to raise would be properly brought in a § 2255 motion.  Pet. Exh. B at 1.

---

[2]Petitioner appears to mistakenly believe his direct appeal was his § 2255 motion.  See Petition at 1, paragraph 4.

**B.  Current § 2241 Petition**

As set forth above, Petitioner asserts that he is actually innocent of his enhanced sentence because the district court sentenced him based on a judicial determination of the applicable drug quantity.  Petition at 2.  Petitioner argues that this Court has jurisdiction to hear the claim under Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999) and United States v. O'Brien, 130 S. Ct. 2169 (2010).  Id.

In response, Respondent argues that Petitioner's argument is foreclosed by Gilbert v. United States, 640 F.3d 1293, 1305, 1320 (11th Cir. 2011) because Petitioner may not use § 2241 to assert the instant challenges.  Response at 4.  Respondent avers that Petitioner could have raised his claim in a § 2255 motion, but the time to do so has expired.  Id.  And, the fact that the statute of limitations for filing a § 2255 motion has expired does not render § 2255 inadequate or ineffective to test the legality of Petitioner's detention.  Id.  Respondent submits that Petitioner's reliance on O'Brien is unavailing because it is not relevant to Petitioner's conviction.  Respondent argues that drug type and quantity are not elements of the offense.  Id. (citing United States v. Sanchez, 269 F.3d 1250, 1265-1268 (11th Cir. 2001)(*en banc*), abrogated in part on other grounds, United States v. Booker, 543 U.S. 220, 226-36 (2005)).  And, drug quantity or type does not need to be alleged in an indictment or found by a

jury in order to require the application of the statutory minimum sentence. Id. (citing United States v. Castaing-Sosa, 530 F.2d 1358, 1362 (11th Cir. 2008); Spero v. United States, 375 F.2d 1285, 1286-87 (11th Cir. 2004)). Instead, Respondent asserts that Petitioner's claim is really based on Apprendi,³ which is not retroactive. Id. (citing McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001); see also Verela v. United States, 400 F.3d 864, 868 (11th Cir. 2005)(holding that the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 226-36 (2005), does not apply retroactively on collateral review)).

**Analysis**

"Typically collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005)(*per curiam*). When a petitioner has previously filed a § 2255 petition, he must apply for and receive permission from the appropriate federal circuit court prior to filing a successive petition. Id. (citing In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996); see also 28 U.S.C. § 2244(b)(3)(A). Additionally, § 2255 motions must be brought in district court of conviction and are subject to a one-year statute

---

³See Apprendi v. New Jersey, 530 U.S. 4656, 490 (2000) (establishing that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond a prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.")

of limitations. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003); 28 U.S.C. § 2255(f). Under limited circumstances, a federal prisoner may file a habeas petition pursuant to § 2241. Title 28 U.S.C. § 2255(e) provides that:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the application has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

Id. (emphasis added to indicate the savings clause). The last clause of § 2255(e) is the "savings clause." The applicability of the savings clause is a threshold jurisdictional matter, and where it is absent, federal courts lack authority to consider the merits of a petitioner's § 2241 claims. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013) (citing Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999)); see also Bryant v. Warden, FCC Coleman-Medium, 738 F.2d 1253, 1256 (11th Cir. 2013)(recognizing five requirements a petitioner must meet to satisfy the Savings Clause). Id. at 1339-40 ("[I]n enacting § 2255(e), Congress clearly restricted the subject-matter jurisdiction of the federal courts.").

Petitioner never filed a § 2255 motion and his time to do has expired. See Case No. 1:98-cr-134 (M.D. Ala.) Thus, Petitioner's

only available avenue for collateral relief in a § 2241 petition is through the savings clause. The savings clause of § 2255 permits a federal petitioner to file a § 2241 petition if the petitioner can establish that § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Where, as here, a petitioner challenges a "fundamental defect in sentencing," he must show the following to establish that § 2255 was "inadequate or ineffective" to testify the legality of his detention: (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, his claim was squarely foreclosed by circuit precedent; (2) subsequent to his first § 2255 proceeding, a United States Supreme Court decision overturned circuit precedent; (3) the new rule announced by the Supreme Court is retroactively applicable to cases on collateral review; (4) his enhanced sentence exceeds the authorized statutory maximum penalty for his offense. Bryant v. Warden, FCC-Coleman, 738 F.3d 1253, 1274 (11th Cir. 2013)(synthesizing the saving's clause tests discussed in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); and Williams v. Warden, Federal Bureau of Prisons, 713 F.2d 1332, 1343 (11th Cir. 2013)). This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's § 2241 claims. Williams, 713 F.3d at 1338; Daniels v. Warden, FCC-Coleman, 538 F. App'x 850 (11th Cir. 2013)("[A] petitioner may not argue the merits of his

claim until he has 'open[ed] the portal' to a § 2241 proceeding by demonstrating that the savings clause applies to his claim.")

Initially, the Court notes that Petitioner never filed a § 2255 motion. To the extent the statute of limitations now precludes Petitioner from filing a § 2255 motion, the statute of limitations does not render § 2255 "inadequate or ineffective." Wyzykowski v. Dep't of Corr., 226 F.3d at 1217; Wofford, 177 F.3d at 1244-45. In Wofford, the Eleventh Circuit stated that all that is required under 28 U.S.C. § 2255(e) is that a petitioner have had an "unobstructed procedural shot" at getting his sentence vacated. Wofford, 177 F.3d at 1244. "That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed." Id.; see also Turner v. Warden, Coleman FCI, 709 F.3d 1328 (11th Cir. 2013)(holding that § 2255(e)'s savings clause did not cover federal habeas petitioner's claim, because it could have been raised in an earlier § 2255 proceeding).

Further, Petitioner cannot satisfy the Wofford requirements, as discussed in Williams and Bryant, to open a portal for a § 2241 review. The Court need not discuss all of the requirements because Petitioner cannot satisfy either the second or third elements listed above. See Jeanty v. Warden-FCI Miami, ___ F.3d ___, Case No. 13-14931, 2014 WL 3673382, *1 (11th Cir. July 22, 2014) (noting

that not all five requirements are necessary to decide the case). In other words, there is no retroactive, applicable, circuit busting case on point that prevented Petitioner from previously raising his claim. The gravamen of the Petition is that the district court improperly considered the quantity of drugs in violation of O'Brien. See Petition. O'Brien is not applicable to Petitioner's case. O'Brien held that use of possession of a machine gun is an element of an offense under 18 U.S.C. § 924(c)(B)(ii). Petitioner's challenge stems from drug quantity. To the extent Petitioner really intends to raise an Apprendi claim, Petitioner entered a plea in this case, so his case did not proceed to a trial by jury. Even if his case did proceed to trial by jury, Apprendi does not apply retroactively. Dohrmann v. United States, 442 F.3d 1279, 1281-82 (11th Cir. 2006); McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001)("[W]e hold that the new constitutional rule of criminal procedure announced in Apprendi does not apply retroactively on collateral review.")

Because circuit precedent did not foreclose Petitioner's claim, his first § 2255 motion was not inadequate or ineffective to raise the instant sentencing claim. The savings clause of § 2255(e) does not apply in this case. Thus, the instant action must be dismissed because the Court lacks jurisdiction.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Petition (Doc. #1) is **DISMISSED** for lack of jurisdiction

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Ft. Myers, Florida on this ___29th___ day of July, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record

- 10 -